IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. SHU-HUI WU, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. _____<br>) |
| MISSISSIPPI STATE UNIVERSITY, | ) JURY DEMAND<br>) |
| defendant. | )<br>)<br>) |

## COMPLAINT

### INTRODUCTION

1. This action is brought by Plaintiff, Dr. Shu-Hui Wu, against defendant, Mississippi State University, ("defendant" or "University") alleging that defendant violated Plaintiff's rights by discriminating against Plaintiff in her employment because of her race and national origin, and then retaliating against her because she engaged in protected activity opposing discrimination. Plaintiff demands a jury trial as to all issues of fact raised by the pleadings.

### COUNT ONE — DISCRIMINATION
### JURISDICTION AND VENUE

2. This action seeks compensatory damages, costs, injunctive relief, and attorneys' fees for the unlawful discrimination based upon race and national origin and retaliation suffered by Plaintiff.

3. This action arises under Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §2000e *et. seq.* (as amended), 42 U.S.C. §2000e-2 and §2000e-3 (as amended) and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4. Jurisdiction over the federal claim set forth in this Complaint is invoked pursuant to 42 U.S.C. §2000e (as amended), 42 U.S.C. §1981a, 42 U.S.C. §1988, 28 U.S.C. §1343, and 28 U.S.C. §1331. Jurisdiction over the state claims is invoked pursuant to this Court's supplemental jurisdiction as provided in 28 U.S.C. §1367.

5. Within 300 days of Plaintiff's receipt of notice of and within 300 days of the adverse action taken against Plaintiff by defendant, Plaintiff filed charges of employment discrimination with the Equal Employment Opportunity Commission. Plaintiff received a Notice of Right to Sue and filed this Complaint within 90 days of receiving her Notice of Right to Sue.

6. Compensatory are sought pursuant to 42 U.S.C. §2000e *et. seq.* (as amended), and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

7. Costs and attorneys' fees are sought pursuant to 42 U.S.C. §2000e *et. seq.* (as amended), and the Civil Rights Act of 1991, 42 U.S.C. §1981a *et. seq.* and 42 U.S.C. §1988.

8. Venue for this action properly lies in the United States District Court for the Northern District of Mississippi, Eastern Division, pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1391 because the events giving rise to these claims occurred in that judicial district. Further, defendant can be found and transacts business in that judicial district.

## III. PARTIES

9. Plaintiff, Dr. Wu, received her Ph.D. from the Freie University, Berlin, Germany in 1994. Plaintiff was employed as an Assistant Professor in the Department of History in August 1999 on the tenure track. Plaintiff's research focus has been Chinese culture and military history. In 2004, Plaintiff was promoted to Associate Professor of History with tenure, which carried with it an approximate $5,000 pay increase. Plaintiff is currently employed by defendant as an Associate Professor of History.

10. Plaintiff is a member of a protected class, an Asian female of Chinese origin. In Plaintiff's post-tenure review in 2010, Dr. Gary Myers, Dean, College of Arts & Sciences at the University declared her to be "exceptionally excellent." But despite her qualifications and the review, defendant discriminated against Plaintiff for failing to increase her salary to an amount comparable to salaries of her peers at the University.

11. The defendant University is a public land grant college founded in 1878. It is currently the largest university in the state of Mississippi and employs over 4,000 persons. defendant offers more than 75 bachelor degree programs, more than 50 masters degree programs and more than 30 doctoral and professional degree programs. Defendant enrolls more than 19,000 students. Plaintiff is employed by the Department of History which is in the Division of Social Sciences within the Mississippi State University College of Arts and Sciences.

12. The Mississippi State University Library has adequate research materials for United States European and Southern history research, but lacks sufficient resources in Asian and Chinese history for Plaintiff's research interests in Asian and Chinese history. For that reason, Plaintiff must travel to other university facilities and obtain materials through

inter-library loan facilities to enable her to conduct her research activities. Other similarly situated faculty in the Department of History have adequate resources to conduct their research at the defendant University.

13. In or about 2005, Alan Marcus became Chair of the Department of History. Plaintiff requested a teaching assistant to teach her survey course so that she could offer one or more graduate courses in Asian or Chinese history. Other departments in the College of Arts and Sciences at the defendant University operate in that fashion. Dr. Marcus changed the practice in the Department of History at the University and denied Plaintiff a teaching assistant to enable her to offer graduate courses in Asian and Chinese history.

14. As of 2011 there were six Associate Professors employed in the Department of History at the defendant University. Plaintiff is Asian; each of the other five Associate Professors are of the white race. Plaintiff's teaching, service and research are equal to or superior to each of the other Associate Professors. However, Plaintiff's salary is approximately 10% less than each of the other Associate Professors. Each of the other Associate Professors makes $60,000 or more in salary in 2011. Plaintiff made only $55,178 in 2011. Moreover, four of the Associate Professors, who are white and making more than $61,000 per year, have been employed by defendant for fewer years than Plaintiff and have held the rank of Associate Professor for a shorter period of time than Plaintiff.

15. As of 2011 there were ten Assistant Professors employed in the Department of History at the defendant University. Each of those ten Assistant Professors has a national origin of the United States. Plaintiff's national origin is China. Four of the ten Assistant Professors have a salary higher than that of Plaintiff in 2011. None of those Assistant Professors has a sole

-4-

Case 3:12-cv-01301 Document 1 Filed 12/17/12 Page 4 of 10 PageID #: 4

authored book in print as of 2011, while Plaintiff, as of 2011, had two sole authored books in print, one consisting of 365 pages, the other consisting of 488 pages.

16. For 2012, Plaintiff's salary increased to $56,281 while her five original Associate Professor colleagues' salaries ranged from $62,400 to $66,118.

17. For 2013, Plaintiff's salary increased to $57,125 while her five original associate rank colleagues increased to between $63,024 and 66,779.

18. Between 2011 and 2012, three of the Assistant Professors were promoted to Associate Professor. They were Drs. Giesen, Hersey and Marshall. In 2012, Dr. Giesen salary was $62,240, Dr. Hersey's salary was $64,360 and Dr. Marshall's salary was $62,240. For 2013, Dr. Giesen salary was $63,384, Dr. Hersey's salary was $65,547 and Dr. Marshall's salary was $63,384. In 2012, the Department of History hired an Associate Professor, Dr. Judith Ridner, who is the wife of Dr. Messer. Dr. Ridner was hired in 2012 with a salary of $63,000. Her salary for 2013 is $63,630.

19. Plaintiff's salary increase between 2011 and 2013 was $1,947, the smallest increase during that period compared to her five original associate rank colleagues. The very small salary increase awarded to Plaintiff between 2011 and 2013 resulted from discrimination on the basis of race and on the basis of national origin. The very small increase was also as a result of retaliation for her protected activity, her opposition to race and national origin discrimination and in retaliation for the protected activity including for filing charges of discrimination with the EEOC.

**20.** On September 18, 2011, Plaintiff applied for a promotion to full Professor of History in the Social Services Division at the defendant University. Plaintiff was sufficiently qualified and eligible for promotion to the rank of full Professor. The defendant University retaliated against Plaintiff because she had engaged in protective activity and had filed the EEOC charges of discrimination against the University. Plaintiff was also denied promotion to full Professor because defendant University discriminated against her on the basis of her race and national origin.

**21.** The University rejected Plaintiff for the position of full Professor while other non-members of the protected class were treated more favorably and were promoted to full Professor. The defendant University applied different standards to Plaintiff than applied to other similarly situated applicants who were members of a favored, non-protected class. The University's objective criteria for advancement to full Professor were not evenly applied to Plaintiff.

**22.** On January 20, 2012, after review of all of Plaintiff's application materials, the Department of History's Promotion and Tenure Committee ("PTC") reported to Dr. Alan Marcus, Chair of the Department of History, that Plaintiff presented evidence of satisfactory teaching, of more than satisfactory service to the Department of History, college and University, and that Plaintiff demonstrated excellence in research based on two (2) letters from external reviewers in her field. However, the PTC, in less than unanimous decision, did not recommend Plaintiff's promotion to full Professor because "the required number of letters (4) from external reviewers were not produced, . . . ." One PTC member did recommend promotion based on the two (2) external reviews.

-6-

Case 3:12-cv-01301 Document 1 Filed 12/17/12 Page 6 of 10 PageID #: 6

**23.** Dr. Alan Marcus, Chair of the Department of History, was responsible for obtaining at least four external reviewers and intentionally torpedoed Plaintiff's promotion file by failing to obtain the required number of reviewers in order to retaliate against Plaintiff for her protected activity and to discriminate against Plaintiff based on her race and national origin. There were external reviewers in Plaintiff's research areas never contacted by Dr. Marcus or the defendant University.

**24.** The defendant University retaliated and discriminated against Plaintiff by denying her promotion because of her prior EEOC complaints of discrimination based on her race and national origin. On July 1, 2012, within three hundred (300) days of the defendant University's denial of Plaintiff's promotion to full Professor, Plaintiff filed EEOC charges of race and national original discrimination and retaliation.

**25.** The defendant University retaliated against Plaintiff and discriminated against her based on race and national origin in at least the following ways, among others:

**(a)** Department of History Chair, Dr. Alan Marcus, initially rejected and delayed Plaintiff's application claiming that she incorrectly failed to meet the deadline for applications and, because of the late filing, claimed he was only able to secure two of the four required letters from outside reviewers when, in fact, many available outside reviewers were not contacted;

**(b)** Dr. Marcus intentionally failed to seek the required number of letters from outside reviewers even after he was instructed that Plaintiff's application was timely and that he had additional time to obtain the letters;

**(c)** defendant University ignored an option for finding "excellence in service" in determining Plaintiff's qualifications for promotion;

**(d)** defendant University violated the policies and procedures for promotion by failing to secure Plaintiff's approval prior to using her annual evaluations during the decision-making process;

**(e)** Dr. Marcus, in violation of procedures, secretly added to Plaintiff's file, without her knowledge, his own eleven (11) page letter opposing her promotion and without the opportunity for Plaintiff to respond;

**(f)** defendant University failed to allow Plaintiff an opportunity for timely response to Dr. Marcus' negative eleven (11) page letter; and

**(g)** defendant University prejudiced Plaintiff's application by revising the guidelines for promotion while Plaintiff's application was pending and under consideration.

26. Defendant University, through its various officers, administrators and agents, engaged in unlawful practices and policies in violation of 42 U.S.C. §2000e *et seq.* by intentionally and willfully discriminating against Plaintiff in her employment because of her race and national origin from at least as early as January 1, 2007 to the date of filing of this Complaint.

27. The conduct of defendant University, described in this Complaint, constituted a continuous course of discrimination against Plaintiff based on her race and based upon her national origin. Defendant University failed to take any action to stop or discourage the conduct constituting discrimination based on race and national origin.

28.     The conduct described in this Complaint on the part of defendant University constituted discrimination against Plaintiff based on her race and national origin in violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000e *et seq.* and 42. U.S.C. §2000e-2, as well as the Civil Rights Act of 1991, 42 U.S.C. §1981e *et seq.*

29.     As a direct and proximate result of the unlawful discriminatory acts by defendant University, Plaintiff has suffered injury and been damaged. Plaintiff has suffered mental and emotional distress, loss of income and benefits, including injury to her career.

**WHEREFORE**, Plaintiff demands judgment against defendant University in the amount of $500,000 in actual and compensatory damages. Plaintiff also requests judgment for costs incurred in this action, including reasonable attorneys' fees and expert witness fees. Plaintiff requests that this Court enjoin defendant University from any further conduct constituting discrimination based on race or national origin. In addition, Plaintiff requests such other and further relief as this Court may determine just and proper.

## COUNT TWO — RETALIATION

30.     Plaintiff here re-alleges paragraphs 1 through 29 of Count one of this Complaint as though said paragraphs were set forth herein in full detail.

31.     Defendant University has engaged in a continuing pattern and practice of retaliating against Plaintiff because of her complaint of race and national origin discrimination and her opposition to race and national origin discrimination in the workplace, including her filing of charges with the Equal Employment Opportunity Commission.

-9-

Case 3:12-cv-01301   Document 1   Filed 12/17/12   Page 9 of 10 PageID #: 9

**32.** Defendant University's intentional conduct toward Plaintiff constitutes retaliation in violation of 42 U.S.C. §2000e-3.

**33.** Plaintiff has suffered mental and emotional distress, loss of income and benefits, and other injury, including to her career, as a result of defendant University's unlawful retaliation.

**34.** As a direct and proximate result of defendant University's retaliation in violation of 42 U.S.C. §2000e-3, Plaintiff was injured and suffered damage.

**WHEREFORE**, Plaintiff demands judgment against defendant University in the amount of $500,000 in actual and compensatory damages. Plaintiff also requests judgment for costs incurred in this action, including reasonable attorneys' fees and expert witness fees. Plaintiff requests this Court to enter an Order enjoining defendant University and restraining defendant University from any further conduct constituting retaliations for protected employment activity. In addition, Plaintiff requests such other and further relief as this Court may determine just and proper including, but not limited to, make whole relief by way of back pay, employee benefits, fringe benefits, overtime and bonuses, where applicable, and front pay.

Respectfully submitted,

Richard J. Braun, Bar No. 010346
BRAUN & ASSOCIATES PLLC
501 Union Street, Suite 500
Nashville, Tennessee 37219
Telephone: (615) 259-1550
Facsimile: (615) 259-2524
Email: rbraun@braunlawassociates.com

Attorney for Plaintiff, Dr. Shu-Hui Wu.